IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

TODD SMITH,                                              Case No:

    Plaintiff,                                          Division:

v.

AUTOMATIC DATA PROCESSING, INC.
and CORELOGIC BACKGROUND
DATA, LLC,

    Defendants.

## COMPLAINT

Plaintiff, TODD SMITH, ("Smith") sues Defendants, AUTOMATIC DATA PROCESSING, INC., ("ADP") and CORELOGIC BACKGROUND DATA, LLC, ("CoreLogic"), and alleges as follows:

1. This is an action for damages in the amount in excess of $50,000.00, exclusive of interest and costs.

2. Plaintiff, Smith, is a citizen and resident of Pinellas County, Florida.

3. Defendant, ADP is a corporation that is registered to do business in the State of Florida.

4. Defendant, CoreLogic is a corporation that is registered to do business in the State of Florida.

5. All conditions precedent to the commencement of this action have occurred, been performed or waived.

## COUNT I – NEGLIGENCE BY ADP

6. Smith re-alleges all preceding paragraphs of this Complaint.

7. ADP is in the business of preparing and distributing reports about individuals, including their criminal history.

8. ADP prepared, distributed and otherwise made available to other people, reports falsely stating that Smith was:

    (a) convicted of child molestation;

    (b) convicted of sexual assault on a child; and

    (c) a registered sex offender with the National Sex Offender Registry.

9. Since labeling someone as a sex offender and child molester are among the most heinous, offensive and emotionally charged things that a person can be accused of, holding that person up to public scorn, ridicule and vilification, ADP had a special duty to investigate ("Investigation") the alleged conviction of Smith of these charges to make sure they were true before publishing them in the ADP reports.

10. Upon information and belief, ADP did not undertake such an Investigation and even ignored contradictory information about Smith in its reports.  For example, in one of its reports ADP listed Smith's physical description as being 6'2" in height and weighing 250 pounds.  In another of its reports it listed Smith as being 5'10" in height and weighing 125 pounds.  Similarly, in another report he was listed as having hazel colored eyes, and in another report his eyes were listed as being the color brown, and weighing 175 pounds.  ADP breached its duty by failing to conduct a proper Investigation of Smith.

11. Similarly, the ADP reports of Smith's residences are variously listed as:

    (a) Fred Beacham Road, Rockledge, GA;

    (b) Hickman Hollow Road, Gatlinburg, TN; and

    (c) Upper Middle Creek, Pigeon Forge, TN.

Smith has never lived or owned property at those locations. In fact, for the last twenty-six (26) years he has resided in Pinellas County, Florida, and any proper Investigation would have revealed these facts and shown that Smith was not the person that committed the crimes identified in paragraph 8, and was not a registered sex offender with the National Sex Offender Registry.

12. Had ADP conducted a proper Investigation about the criminal history of Smith, and the clear discrepancy in the physical description of Smith and the place of his residence, which would show to any reasonable person that there was more than one person named Todd Smith, a very common name, it would have determined that the labels of child molester, being convicted of assault on a minor, and being a registered sex offender that it published were false and would not have published them. As a direct and proximate result of ADP's negligence Smith has suffered damage.

## **COUNT II – NEGLIGENCE BY CORELOGIC**

13. Smith re-alleges all preceding paragraphs of this Complaint.

14. CoreLogic is in the business, among other things, of gathering personal information about an individual and selling it to information reporting companies like ADP for compensation.

15. Upon information and belief the information about Smith identified in paragraphs 8, 10 and 11 of this Complaint was provided to ADP by CoreLogic. CoreLogic may have also sold, or shared this information with others.

16. CoreLogic knew that the information it sold to ADP would be published to third parties and if the information was inaccurate, it could do great harm to the person about whom the false information was obtained.

17. Since labeling someone as a sex offender and child molester are among the most heinous, offensive and emotionally charged things that a person be accused of, hold that person up to public scorn, ridicule and vilification, CoreLogic had a special duty to investigate ("Investigation") the alleged conviction of Smith of those charges to make sure they were true before publishing them in the reports given to ADP.

18. Upon information and belief CoreLogic did not undertake such an Investigation and even ignored contradicting information about Smith that it sold to ADP. For example, in one of the reports containing the false information about Smith which CoreLogic sold to ADP, it listed Smith's physical description as being 6'2" in height and weighing 250 pounds. In another of its reports it listed Smith as being 5'10" in height and weighing 125 pounds. Similarly, in one report it described Smith as having hazel colored eyes and in another report his eyes were listed as being the color brown, and weighing 175 pounds. Also, Smith was listed as residing at various different locations. As a direct and proximate result of CoreLogic's negligence, Smith has suffered damage.

19. Had CoreLogic conducted a proper Investigation about the criminal history of Smith, the various different addresses of his residence and the clear discrepancy in the physical description of Smith, it would have determined that the information it sold to ADP about Smith being a child molester, as being convicted of assault on a minor, and being a registered sex offender, that it sold to ADP were false and would not have published them.

## COUNT III – DEFAMATION AGAINST ADP AND CORELOGIC

20. Smith re-alleges all preceding paragraphs of this Complaint.

21. Both ADP and CoreLogic have stated as a matter of fact that Smith is a convicted child molester, has been convicted of assault on a child, and was registered as a sex offender with the National Sex Offender Registry ("Defamatory Statements"). Each of these Defamatory Statements are false and constitute slander per se.

22. The Defamatory Statements were made with utter disregard for their truth or falsity and in the face of the many red flags about their veracity.

23. The Defamatory Statements subjected Smith to scorn and humiliation, and have caused him both financial and emotional ruin. Smith has been disowned by his family and written out of his father's Will. Smith has also been unemployable and his efforts to obtain employment have been met with silence from prospective employees. Further, Smith has been under the care of medical professionals who have diagnosed him as suffering from depression and anxiety.

24. As a direct and proximate result of the Defamatory Statements, Smith has suffered and will continue to suffer great loss and damage.

## COUNT IV DEFAMATION

25. Smith re-alleges all preceding paragraphs of this Complaint.

26. Both ADP and CoreLogic have recklessly, and without any concern over the truth or falsity of the Defamatory Statements, defamed Smith.

27. As a direct and proximate of the Defamatory Statements, Smith has suffered and will continue to suffer great loss and damage.

## JURISDICTION AND VENUE

28. Venue is properly placed in this Circuit because it was in this Circuit that the causes of action accrued.

29. Jurisdiction exists in this Court because:

(a) Defendants are registered to do business in this state;

(b) Defendants are conducting business in this state;

(c) Defendants have committed tortious acts within this state; and

(d) Defendants have caused injury to Smith in this state arising out of their actions and omissions outside this state, and at the time of the injury were engaged in the solicitation of service activities in this state.

## PUNITIVE DAMAGES

Smith reserves the right to amend this Complaint to add a claim for punitive damages.

## DEMAND FOR TRIAL BY JURY

Smith demands a trial by jury on all issues so triable.

DATED this 12th day of November, 2020.

/s/ David T. Knight
David T. Knight, Esquire
Florida Bar No. 0181830
David Knight Law
1560 W. Cleveland Street
Tampa, Florida 33606
Telephone: (813)784-8056
DavidKnight@DavidKnightLaw.com
*Attorney for Plaintiff*