UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD SMITH,

    Plaintiff,

v.

AUTOMATIC DATA PROCESSING, INC.
And CORELOGIC BACKGROUND
DATA, LLC,

    Defendants.

Case No. 8:20-cv-2936-T-36CPT

**DEFENDANT, AUTOMATIC DATA PROCESSING, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, AUTOMATIC DATA PROCESSING, INC. ("ADP"), improperly named as a Defendant in this case,[1] by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files and serves upon Plaintiff, TODD SMITH, ("Plaintiff"), and co-Defendant CORELOGIC BACKGROUND DATA, LLC, ("CoreLogic"), this Motion to Dismiss and Incorporated Memorandum of Law. In further support thereof, ADP states the following:

**I.  BACKGROUND**

1. On November 12, 2020, Plaintiff commenced this action in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida. Dkt. 1.

---

[1] Defendant ADP is incorrectly named as a Defendant in this action. ADP does not provide background screening services and did not prepare the background screening report that serves as the basis for Plaintiff's allegations. Instead, the proper defendant is ADP Screening and Selection Services, Inc. ("ADP Screening"), which is a wholly-owned subsidiary of Automatic Data Processing, Inc. As a consumer reporting agency, *see* 15 U.S.C. § 1681a(f), ADP Screening performs background screening services and is the sole entity that prepared the background screening report challenged by Plaintiff in his Complaint. **Exhibit 1**, Declaration of Jacqueline Richardson.

1

2

2. On December 9, 2020, Defendants jointly removed this matter to Federal Court on the basis of diversity jurisdiction. Dkt. 1.

3. Plaintiff alleges one count of negligence and two counts of defamation against ADP. Pl. Comp. ¶¶6-12, 20-27.

4. The sole basis of Plaintiff's negligence and defamation claims against ADP is the allegedly false inclusion of information in a report prepared about Plaintiff whereby Plaintiff claims that the report "falsely stat[ed] that Smith was: (a) convicted of child molestation; (b) convicted of sexual assault on a child; and (c) a registered sex offender with the National Sex Offender Registry." Pl. Compl. ¶ 8; *see also* Pl. Compl. ¶¶ 11-12, 21, 26.

5. Plaintiff's Complaint is devoid of any dates as to when the alleged claims accrued against ADP, or whether the claims are timely before the Court.

6. ADP Screening – the entity that prepared the consumer report referenced in the Complaint – is a consumer reporting agency ("CRA") as defined by the Fair Credit Reporting Act ("FCRA"). *See* Pl. Compl. ¶¶ 7-8; *see also* 15 U.S.C. §1681a(f).[2]

7. On November 1, 2011, ADP Screening competed furnishing a background screening report on Plaintiff pursuant to a request from one of its clients. The report contained sex offender records from the states of Georgia and Wisconsin, which information had been provided to the client on October 21, 2011.[3]

8. Plaintiff contacted ADP Screening on or about April 15, 2015 to report that the sex offender information contained in the 2011 report for Georgia and Wisconsin was inaccurate.[4]

---

[2] "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."
[3] *See* **Exhibit 1**; **Exhibit 2**, Copy of November 1, 2011 Report to be filed under seal.
[4] *See* **Exhibit 1**.

9. ADP Screening issued an amended report regarding Plaintiff on April 20, 2015, which omitted sex offender information from Georgia and Wisconsin. As a result, the amended report did **not** contain any sex offender information. ADP Screening provided a copy of the amended report to Plaintiff and notified the customer, who had originally requested the report in 2011, of the amended report.[5]

10. Plaintiff again contacted ADP Screening on May 28, 2015, seeking further changes to his 2011 report by requesting the removal of other, non-sex offender information.[6]

11. ADP Screening issued a second amended report regarding Plaintiff on May 29, 2015. As with the first amended report, the second amended report did **not** contain any sex offender information. ADP Screening provided a copy to Plaintiff and notified the same 2011 customer of the second amended report.[7]

12. ADP Screening did not receive any further requests from Plaintiff to modify the contents of his 2011 report after it issued the second amended report dated May 29, 2015.[8]

13. Since November 2011, ADP Screening has not produced, reproduced or distributed any background screening report on Plaintiff that contains statements that he has been convicted of child molestation, convicted of sexual assault on a child and/or that he is a registered sex offender.[9] Nor does Plaintiff allege such in his Complaint.

14. Plaintiff's claims are both preempted by the FCRA. Even if they were not preempted, they are untimely under the applicable statute of limitations under Florida law.

---

[5] *See* **Exhibit 1**; **Exhibit 3**, Copy of April 20, 2015 Report to be filed under seal.
[6] *See* **Exhibit 1**.
[7] *See* **Exhibit 1**; **Exhibit 4**, Copy of May 28, 2015 Report to be filed under seal.
[8] *See* **Exhibit 1**.
[9] *See* **Exhibit 1**.

FP 39405192.1

15. For the reasons stated more specifically below, Defendant ADP respectfully requests that this Court dismiss all claims **with prejudice** as to ADP (and the proper Defendant, ADP Screening, who solely furnished the background screening report referenced in the Complaint) pursuant to Rule 12(b)(6).

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679 (citing *Twombly,* 550 U.S. at 556). The mere possibility the defendant acted unlawfully is not enough to state a claim. *Ashmore v. F.A.A.*, 2011 WL 3915752, at *1 (S.D. Fla. Sept. 2, 2011) (citations omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Although the pleading standard "does not require 'detailed factual allegations,'. . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d

1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

Documents attached to the complaint may be considered on a motion to dismiss for failure to state a claim without converting the motion into one for summary judgment. *See* FED.R.CIV.P. 10(c); *Cortec Ind., Inc. v. Sum Holding, L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991); *I. Meyer Pincus & Assoc. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir.1991). Moreover, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal[.]" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997) (per curiam). The court's "duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205–06 (11th Cir.2007). "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206.

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Second, a court will determine whether the factual allegations, assumed true, "plausibly give rise to an entitlement to relief." *Id.*

5

### III.  PLAINTIFF'S CLAIMS AGAINST ADP ARE PREEMPTED BY THE FCRA.

Count I of Plaintiff's Complaint asserts a negligence claim against ADP.  Counts III and IV assert claims for defamation against ADP.[10]  The FCRA preempts consumers, like Plaintiff, from bringing state common law acts "in the nature of defamation, invasion of privacy, or negligence" against consumer reporting agencies, based in whole or in part on a furnished consumer report, "except as to false information furnished with malice or willful intent to injure such consumer."  *See* 15 U.S.C. § 1681h(e); *see also, Stroud v. Bank of Am.*, 886 F.Supp.2d 1308, 1322 (S.D. Fla. 2012); *Bermudez v. Equifax Info. Servs., LLC,* 2008 WL 5235161, at *4 (M.D. Fla. Dec. 15, 2008); *Malverty v. Equifax Info. Servs., LLC,* 2019 WL 5295150, at *4-5 (M.D. Fla. Oct. 18, 2019).  This Court in *Malverty* summarized applicable federal case law recognizing negligence and defamation claims premised on disclosures of allegedly false information by a CRA are preempted under the FCRA, absent "malice or willful intent to injure" a consumer:

> Interpreting this language, the Eleventh Circuit held that "here a company furnishes credit information about a consumer to a [CRA] pursuant to the [FCRA], the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1001-02 (11th Cir. 2008). Other courts have applied § 1681h(e) to disclosures of false information by a CRA. *See, e.g.*, *Parks v. Experian Credit Bureau*, No. 609-CV1284-ORL-19DAB, 2010 WL 457345, at *3 (M.D. Fla. Feb. 4, 2010); *see also Genevish v. Wells Fargo Bank, N.A.*, No. 8:13-cv-402- T-33AEP, 2013 WL 1296276, at *2 (M.D. Fla. Apr. 1, 2013) (collecting cases, including *Lofton-Taylor*, for the proposition that "the FCRA preempts state negligence and defamation claims absent allegations of malice"); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) ("The FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him.").

*Id.* at *4-5.

---

[10] Count II asserts a negligence claim solely against CoreLogic.  Counts III and IV are asserted against both Defendants.

6

Here, the entirety of Plaintiff's state law negligence and defamation claims against ADP rest on his allegations relating to the furnishing of a consumer report governed by the FCRA and are, therefore, preempted as a matter of law. *See* 15 U.S.C. § 1681h(e).  Plaintiff has failed to allege any facts supporting an inference that ADP furnished false information with "malice or willful intent to injure" him, which is necessary to avoid preemption under the FCRA.  At most, and only as to Count IV, Plaintiff recites the threadbare allegation that ADP's purported conduct was "reckless[ly], and without any concern over the truth or falsity" of the statements. *See* Pl.'s Compl. ¶ 26.  He provides absolutely nothing by way of factual support, however, for even these legally deficient allegations.  Aside from falling short of an allegation of "malice"  or "willful intent to injure," simply stating that conduct was reckless or willful is insufficient to raise the inference of a willful intent to injure beyond the speculative level.[11] *See, e.g., Allmond v. Bank of Am.*, 2008 WL 2445652, at *3 (M.D. Fla. June 16, 2008) (finding that plaintiff could not "state[ ] a claim merely by quoting the 'terms of art' that encompass a given legal theory") (quoting *Twombly*, 550 U.S. at 553).

Plaintiff's negligence and defamation claims against ADP are preempted by the FCRA.  For this reason, alone, dismissal, with prejudice, of all of his claims against ADP is in order.

## IV.   PLAINTIFF'S CLAIMS ARE UNTIMELY

Even if Plaintiff's claims against ADP are not preempted (and they are), they are patently untimely under the applicable limitations period and, for this additional reason, should be dismissed.

---

[11] Fundamentally, a negligence claim infers the absence of malice or a willful intent to injure.

### A. Plaintiff's Claims are Time Barred Under Florida Tort Law.

Florida Revised Statute 95:11 governs the statutory period for the claims asserted by Plaintiff here: negligence and defamation. Negligence claims are subject to a four-year statutory period. *Id*. at (3)(a). Defamation claims are subject to a two-year statutory period. *Id.* at (4)(g).

To be timely, Plaintiff must show that his claim for negligence accrued on or after November 12, 2016, and his defamation claim accrued on or after November 12, 2018. Plaintiff, however, omitted all dates from his Complaint. This likely was no accident. Plaintiff complains solely about the inclusion of sex offender information in his consumer report issued by ADP Screening. *See* Pl.'s Compl. ¶¶ 8 (claiming reports falsely stated that Plaintiff was: "(a) convicted of child molestation; (b) convicted of sexual assault on a child; and (c) a registered sex offender with the National Sex Offender Registry"), 11-12, 21, 26. The only report containing any such information (*i.e.*, the only report that could arguably be at issue in this case) was completed and furnished in its entirety by **November 1, 2011**.[12] Notably, all of the complained of material was removed from Plaintiff's background screening report when ADP Screening issued its first amended report in April 2015.[13] Additionally, the second amended report issued in May 2015 also did ***not*** contain any sex offender information.[14] Simply put, the only report furnished regarding Plaintiff by ADP Screening with the alleged incorrect sex offender information is from 2011. Accordingly, the statute of limitations for his preempted state law negligence claim against ADP expired more than five years prior to the filing of his Compliant. Likewise, the statute of limitations for his preempted state law defamation claim against ADP expired more than seven years prior to the filing of his Complaint.

---

[12] *See* **Exhibits 1-4**.
[13] *See* **Exhibits 1, 3**.
[14] *See* **Exhibits 1, 4**.

8

Time-barred by over five years, dismissal, with prejudice, of all of Plaintiff's state law claims against ADP is in order.

### B. Amending the Complaint to Assert a Claim Under the FCRA would also be Futile Based on the FCRA's Limitations Period.

Plaintiff also cannot save his untimely Complaint against ADP by seeking to amend his Complaint to assert a claim under the FCRA. The FCRA contains a statutory period requiring suits to be brought either two years from the date of discovery or five years from the date of the alleged violation, whichever is *earlier*:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. §1681p.

In other words, the statute of limitations under the FCRA can be no longer than five years from the date of the alleged violation. *Id.* Here, as stated above, Plaintiff complains solely about the inclusion of sexual offender information in a consumer report furnished by ADP Screening in 2011. *See* Pl.'s Compl. ¶¶ 8, 11-12, 21, 26.[15] As such, any hypothetical FCRA claim against ADP would also be time-barred, as a matter of law.[16]

### V. CONCLUSION

WHEREFORE, ADP respectfully requests the Court dismiss Counts I, III and IV against ADP, with prejudice, and award to it all other relief to which it may be entitled.

---

[15] *See* **Exhibits 1-4**.
[16] Even if Plaintiff tried to claim either of the 2015 amended reports following his dispute violated the FCRA (neither of which contained any sex offender related information), he is still out of time – even assuming the applicability of the longer five-year limitations period.

9

Submitted this 16th day of December 2020.

**FISHER & PHILLIPS, LLP**

<u>*s/Michelle I. Anderson*</u>
**MICHELLE L. ANDERSON, ESQ.**
Florida Bar No. 0040585
**BRETT P. OWENS, ESQ.**
Florida Bar No. 0112677
**RICHARD A. MILLISOR, ESQ.**
Ohio Bar No. 0062882 (*Pro Hac Vice Forthcoming*)
101 East Kennedy Blvd., Suite 2350
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501
Email: manderson@fisherphillips.com
Email: bowens@fisherphillips.com
Email: rmillisor@fisherphillips.com

Counsel for Defendant, Automatic Data Processing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following:

Gillian Williston, Esq.
Email: Gillian.Williston@troutman.com
Counsel for Defendant, CoreLogic Background Data, LLC.

David T. Knight, Esq.
Email: DavidKnight@DavidKnightLaw.com
Counsel for Plaintiff

                                              *s/ Michelle I. Anderson*
                                              Attorney