UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD SMITH,

    Plaintiff,

v.

AUTOMATIC DATA PROCESSING, INC.
And CORELOGIC BACKGROUND
DATA, LLC,

    Defendants.

Case No. 8:20-cv-2936-T-36CPT

**DEFENDANT, AUTOMATIC DATA PROCESSING, INC.'S MOTION TO FILE EXHIBITS UNDER SEAL PURSUANT TO LOCAL RULE 1.09 AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

Defendant, Automatic Data Processing, Inc. ("ADP"), by and through its undersigned counsel, files its Motion to File Exhibits Under Seal Pursuant to Local Rule 1.09, and hereby moves for the Court to place Exhibits 2, 3, and 4 under seal that ADP offers in support of its Motion to Dismiss Plaintiff's Complaint. In further support, ADP states as follows:

1. The confidential documents that ADP relies upon in support of its Motion to Dismiss will aid the Court in ruling on the Motion.

2. The confidential documents that ADP relies upon in support of its Motion to Dismiss are directly at issue and incorporated by reference within Plaintiff's Complaint.

3. The confidential documents that ADP relies upon in support of its Motion to Dismiss contain sensitive information that should be shielded from the public record, including information that Plaintiff alleges in his Complaint is inaccurate.

4. ADP recognizes that Local Rule 1.09(c) includes a one-year period to seal documents, absent the showing up good cause. In this instance, due to the sensitive nature of the

1

documents, ADP requests that the exhibits remain under seal until the close of the case in the event it extends beyond one year, at which time they should be destroyed.

## **MEMORANDUM OF LAW**

In this district, a motion to seal must include:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

*See* Local Rule 1.09, M.D. Fla.

The Eleventh Circuit has recognized that documents filed in support of pre-trial motions that require judicial resolution are subject to a common-law right of access that gives the public the right to inspect and copy judicial records. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (*citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)). However, this right is not absolute, and it can be overcome by a showing of good cause, which requires balancing the right of access against the other party's interest in keeping the information confidential. *Id.* at 1246.

This Court has also recognized that:

> Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less-restrictive alternative to sealing.

*Riley v. Goodyear Tire & Rubber Co.*, No. 3:17-CV-727-J-34PDB, 2019 WL 3944432, *2 (M.D. Fla., Aug. 21, 2019) (citing *Romero*, 480 F.3d at 1246).

In this instance, Plaintiff alleges that background screening conducted by ADP contained incorrect information that caused him harm. Those reports are directly at issue and incorporated by reference into Plaintiff's Complaint. This information is being offered to the Court as Exhibits 2, 3 and 4 to its Motion to Dismiss. Given the nature of the information contained in a background report, ADP believes that the privacy interests of the Plaintiff outweigh any public interest in the reports to be filed under seal.

## CONCLUSION

WHEREFORE, ADP respectfully requests that this Court grant the instant Motion to Seal and issue an Order permitting Defendant to file under seal Exhibits 2-4 to its Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law.

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), ADP's counsel reached out to Plaintiff's counsel, David T. Knight and Defendant, CoreLogic Background Data, LLC's counsel, Gillian Williston regarding the subject matter of this motion and to determine whether there is any opposition. Counsel have not yet responded as of the filing of this Motion.  The undersigned will update the Court if any opposition is received.

Submitted this 16th day of December 2020.

          **FISHER & PHILLIPS, LLP**

          *s/Michelle I. Anderson*
          **MICHELLE L. ANDERSON, ESQ.**
          Florida Bar No. 0040585
          **BRETT P. OWENS, ESQ.**
          Florida Bar No. 0112677
          **RICHARD A. MILLISOR, ESQ.**
          Ohio Bar No. 0062882 (*Pro Hac Vice Forthcoming*)
          101 East Kennedy Blvd., Suite 2350
          Tampa, Florida 33602
          Telephone: (813) 769-7500
          Facsimile: (813) 769-7501
          Email: manderson@fisherphillips.com
          Email: bowens@fisherphillips.com
          Email: rmillisor@fisherphillips.com

          Counsel for Defendant, Automatic Data Processing, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following:

Gillian Williston, Esq.
Email: Gillian.Williston@troutman.com
Counsel for Defendant, CoreLogic Background Data, LLC.

David T. Knight, Esq.
Email: DavidKnight@DavidKnightLaw.com
Counsel for Plaintiff

*s/ Michelle I. Anderson*
Attorney