UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD SMITH,

    Plaintiff,

v.     Case No: 8:20-cv-2936-CEH-CPT

AUTOMATIC DATA PROCESSING,
INC. and CORELOGIC
BACKGROUND DATA, LLC,

    Defendants.
_____

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*. Defendants Automatic Data Processing, Inc. ("ADP") and Corelogic Background Data, LLC ("Corelogic") (collectively "Defendants") removed this negligence and defamation action from state court, predicating the Court's subject matter jurisdiction on diversity jurisdiction. (Doc. 1 at 1). Upon review, Defendants have not sufficiently established that the amount in controversy has been satisfied for purposes of diversity jurisdiction. As such, Defendants shall show cause as to why this action should not be remanded for lack of subject matter jurisdiction.

## BACKGROUND

On November 12, 2020, Plaintiff Todd Smith sued Defendants in a four-count complaint. Doc. 1-1. In the Complaint, Plaintiff alleges that his damages exceed $50,000, exclusive of interest and costs. *Id.* ¶ 1. Plaintiff alleges that Defendant ADP

falsely stated in a report that was distributed to other people that Plaintiff was convicted of child molestation, convicted of sexual assault, and is a registered sex offender. *Id.* ¶ 8. In his claims against Corelogic, Plaintiff alleges that the false information that ADP used in its report was provided to ADP by Corelogic. *Id.* ¶ 16. Plaintiff sues Defendants for negligence and defamation. He states that Defendants have caused him to suffer great loss and damage. *Id.* ¶¶ 12, 18, 24, 27. He reserves the right to amend his Complaint to assert a claim for punitive damages. *Id.* at 6.

Defendants filed a notice of removal on December 9, 2020. Doc. 1. To support that the amount in controversy satisfies the Court's jurisdictional threshold, Defendants attach an email from counsel for Plaintiff wherein Plaintiff's counsel represents that Plaintiff "will be seeking damages in excess of $75,000." Doc. 1-6.

## LEGAL STANDARD

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases

within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412.

## AMOUNT IN CONTROVERSY

Relevant here, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement" where the plaintiff does not plead a specific amount of damages. *Williams*, 269 F.3d at 1319. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in

controversy exceeds the jurisdictional requirement." *Id.* On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

Because the Complaint does not provide specificity as to the amount of damages sought, alleging only that the amount exceeds $50,000, it is Defendants' burden, as the parties who invoked the Court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.[1] *Lowery*, 483 F.3d at 1208. When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish

---

[1] The Court notes that Plaintiff's Complaint indicates he reserves the right to assert a claim for punitive damages. Thus, his Complaint did not seek punitive damages at the time of removal. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). However, the court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010).

Here, Defendants proffer no evidence regarding Plaintiff's damages such as documents pertaining to past or future lost wages, lost employment opportunities, lost employment benefits, or any other detail the Court may consider in determining if the amount in controversy is satisfied.  Rather, Defendants rely solely on an unsworn email from Plaintiff's counsel that Plaintiff intends to seek more than $75,000. Such statements by counsel are comparable to unsubstantiated settlement offers which do not unambiguously establish that the amount in controversy has been met. "'Settlement offers commonly reflect puffing and posturing,' especially where they lack 'specific information to support the plaintiff's claim for damages.'" *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568-RBD-GJK, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4 2013) (quoting *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-TBS, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)). The lack of any supporting underlying facts makes such statements speculative.

Even attempts to establish the amount in controversy requirement through responses to requests for admissions have been routinely rejected as insufficient by courts in this District. *See e.g., Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-SDM-EAJ, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (Merryday, J.) ("plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because '[j]urisdictional objections cannot be forfeited or waived'"); *Parrish v. Sears,*

*Roebuck & Co.*, No. 8:10-cv-1684-SDM-MAP, 2010 WL 3042230, at *1 (M.D. Fla. July 30, 2010) (Merryday, J.); *Avramides v. Genesis Eldercare Rehab. Servs., LLC*, No. 8:17-cv-155-VHC-JSS, 2017 WL 359884, at *3 (M.D. Fla. Jan. 25, 2017) (Covington, J.) (responses to requests for admissions were legal conclusions offering no factual basis to support jurisdictional amount in controversy); *Ernst v. Coca-Cola Refreshments USA, Inc.*, No. 8:18-cv-2482-VHC-JSS, 2018 WL 7352152, at *1 (M.D. Fla. Oct. 10, 2018) (Covington, J.) (holding that a defendant, relying solely on plaintiff's admission, did not prove that the amount in controversy had been met). An "admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing party of the obligation to establish facts supporting the existence of federal jurisdiction." *Parrish*, 2010 WL 3042230, at *1. A similar analysis can be applied here. A lawyer's email posturing what his client will be seeking does not provide any factual basis to support that the jurisdictional amount for this Court has been met and does not relieve Defendants from their obligation to establish such. Accordingly, it is hereby

**ORDERED**:

Defendants Automatic Data Processing, Inc. and Corelogic Background Data, LLC are directed to **SHOW CAUSE** as to why this action should not be remanded for lack of subject matter jurisdiction. Defendants shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond within the time provided will result in the remand of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on June 30, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
Unrepresented Parties