**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TODD SMITH,

      Plaintiff,

v.                                Case No: 8:20-cv-2936-CEH-CPT

AUTOMATIC DATA PROCESSING,
INC. and CORELOGIC
BACKGROUND DATA, LLC,

      Defendants.

_____/

**O R D E R**

      This matter comes before the Court on Defendant Automatic Data Processing, Inc.'s ("ADP") Motion to Dismiss Plaintiff's Complaint (Doc. 11) and Defendant Corelogic Background Data LLC's ("Corelogic") Motion to Dismiss Plaintiff's Complaint (Doc. 20). Plaintiff filed a response in opposition to Defendants' motions (Doc. 28), and ADP filed a reply. Doc. 36. In ADP's motion to dismiss, it contends the Complaint should be dismissed with prejudice as it names the wrong ADP entity as Defendant, Plaintiff's claims are preempted by the Fair Credit Reporting Act ("FCRA"), and the claims are otherwise barred by the applicable statutes of limitations.  Corelogic moves to dismiss Plaintiff's claims with prejudice because they are time-barred. The Court, having considered the motions and being fully advised in the premises, will *sua sponte* dismiss without prejudice Plaintiff's Complaint as a

shotgun pleading, grant Plaintiff leave to file an amended complaint, and deny Defendants' motions as moot.[1]

## I.    BACKGROUND[2]

Plaintiff Todd Smith ("Plaintiff"), through counsel, filed a four-count complaint against Defendants, ADP and Corelogic, in state court in November 2020. In his Complaint, Plaintiff alleges claims of negligence and defamation. Doc. 1-1. In Count I, Plaintiff sues ADP, alleging it is in the business of preparing and distributing reports about individuals, including their criminal history. *Id.* ¶ 7. ADP prepared, distributed and otherwise made available to people false reports stating that Smith was convicted of child molestation, sexual assault on a child, and is a registered sex offender. *Id.* ¶ 8. Since identifying someone as a child sexual offender is so highly offensive, Plaintiff alleges ADP owed a special duty to ensure the information was accurate before publishing it. *Id.* ¶ 9. ADP did not undertake a proper investigation to determine whether the information was accurate, and in fact, ignored contradictory information in the reports about Smith, including conflicting physical descriptions and residence addresses. *Id.* ¶¶ 10, 11. Had ADP conducted a proper investigation, it would have realized that there was more than one person named "Todd Smith" and that the

---

[1] Although the Court is denying the motions to dismiss as moot, the Court will address the merits of the arguments raised therein, which may be helpful to Plaintiff, who is proceeding *pro se*, when preparing an amended complaint.

[2] The following statement of facts is derived from the Plaintiff's Complaint (Doc. 1-1), the allegations of which the Court must accept as true in ruling on the instant motion, *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

information it published about Plaintiff was false. *Id.* ¶ 12. As a result of ADP's negligence in publishing the false information, Plaintiff has suffered damages. *Id.*

Count II of the Complaint alleges negligence against Corelogic. Corelogic is in the business of gathering personal information about individuals and selling it to reporting companies like ADP. *Id.* ¶ 14. The false information about Plaintiff described in the Complaint that was improperly published by ADP was provided to ADP by Corelogic. *Id.* ¶ 15. Corelogic knew the information it was providing to ADP would be published, and that if the information was false, it could cause great harm given the content of the information. *Id.* ¶ 16. Plaintiff alleges Corelogic owed a special duty to investigate the alleged criminal convictions of Todd Smith before providing them to ADP as charges against Plaintiff. *Id.* ¶ 17. Corelogic did not undertake an investigation and ignored contradictory information learned about Plaintiff, including physical characteristics and residences. *Id.* ¶ 18. Had Corelogic conducted a proper investigation, it would have determined that the information it sold to ADP about Todd Smith being a child molester and registered sex offender was false as to Plaintiff. *Id.* ¶ 19.

Counts III and IV allege claims for defamation against both Defendants. Plaintiff alleges that Defendants' statements that he is a child molester and registered sex offender are false and constitute slander *per se*. *Id.* ¶ 21. Plaintiff alleges he has suffered scorn, humiliation and financial ruin due to the defamatory statements. *Id.* ¶

23. He further alleges ADP and Corelogic made the statements recklessly and without any concern for their truth or falsity. *Id.* ¶ 26.

On December 9, 2020, Defendants jointly removed the action to this Court predicating the Court's jurisdiction on diversity of citizenship and an amount in controversy that exceeds $75,000.[3] Doc. 1. Thereafter, Defendants filed the instant motions to dismiss. Docs. 11, 20.

On January 18, 2021, counsel for Plaintiff moved to withdraw, which the Magistrate Judge granted. Docs. 21, 24. On February 24, 2021, Plaintiff, proceeding *pro se*, responded to the motions to dismiss. Doc. 28. On March 10, 2021, with leave of Court, ADP filed a reply. Doc. 36. Additionally, Plaintiff has filed numerous documents, without leave of court, which appear to be offered in support of his opposition to the motions to dismiss. *See* Docs. 35, 37, 40, 41, 50, 51, 52, 55, 58.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[3] Because the amount in controversy for purposes of diversity jurisdiction was not apparent from Plaintiff's Complaint nor the Notice of Removal, the Court issued an Order to Show Cause to the Defendants directing them to provide the basis for the Court's subject matter jurisdiction. Doc. 64. Defendants responded (Docs. 66, 67), and the Court has accepted their responses and discharged the show cause order. Doc. 68.

Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

## III.   DISCUSSION

### A.   Strike Supplemental Filings

Plaintiff has filed numerous supplemental filings without leave of Court. *See* Docs. 35, 37, 40, 41, 50, 51, 52, 55, 58. Under the Local Rules of the Middle District of Florida,[4] a party may file a motion to which the opposing party may file a response. *See* M.D. Fla. Local Rule 3.01. The motion must be accompanied by a memorandum of law and is limited to twenty-five pages. M.D. Fla. Local Rule 3.01(a). The response is limited to twenty pages. M.D. Fla. Local Rule 3.01(b). No further paper directed to the motion, except in limited circumstances not applicable to the instant motions, may

---

[4] Plaintiff should familiarize himself with the Middle District of Florida's local rules and may find a copy on the Court's website. *See* https://www.flmd.uscourts.gov/local-rules.

be filed absent leave of court. M.D. Fla. Local Rule 3.01(d). ADP sought leave to file a reply, which was granted. Docs. 31, 33. Plaintiff has not filed a motion requesting he be allowed to file any further response, and thus his supplemental filings filed without leave of Court are due to be stricken and will not be considered by the Court in ruling on the instant motions. Accordingly, Plaintiff's supplemental filings at Docs. 35, 37, 40, 41, 50, 51, 52, 55 and 58 will be stricken.

**B.    Shotgun Pleading**

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on*

*other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a shotgun pleading. Each of Plaintiff's counts incorporates all preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of the entire Complaint.  This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Therefore, the Court will *sua sponte* dismiss the Complaint and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that he avoids shotgun pleading pitfalls and complies with applicable pleading requirements.

## C.   Statute of Limitations

Both ADP and Corelogic move to dismiss Plaintiff's Complaint with prejudice arguing his claims are barred by the applicable statutes of limitations. A "Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Bhd. of Locomotive Eng'rs &*

*Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008). "A statute of limitations bar is an affirmative defense, and . . . plaintiff[s][are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations and internal quotation marks omitted). Defendants acknowledge that it is not apparent from the face of the Complaint that Plaintiff's claims are time-barred. *See* Doc. 11 at 2 ("Plaintiff's Complaint is devoid of any dates as to when the alleged claims accrued against ADP, or whether the claims are timely before the Court."); Doc. 20 at 2 ("Plaintiff's Complaint does not provide any of [the] dates as to when the alleged claims accrued against [Corelogic], or whether the claims are timely before the Court."). However, Defendants argue that the Court, in ruling on the instant motions, may consider the November 1, 2011 consumer background report. ADP asserts this is "the only report that could arguably be at issue." Doc. 11 at 8. The Defendants cite case law in their motions that the Court may consider documents attached to the Complaint, but these cases are inapposite as Plaintiff does not attach the November 1, 2011 report, or any other report, as an exhibit to his Complaint.

ADP references the report in its motion to dismiss and filed a copy of the report under seal. *See* Docs. 11, 34. Additionally, ADP submits a declaration from the compliance manager for ADP Screening and Selection Services, Inc.  ("ADP Screening"), who attests that ADP Screening prepared and furnished the background screening report regarding Plaintiff to one of its customers on November 1, 2011 with

8

information it received October 21, 2011. Doc. 11-1 at 2. Corelogic does not attach

any report to its motion to dismiss or offer any evidence of authenticity of the report.

"In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta*, 358 F.3d at 845. In certain circumstances, a court may also consider documents that are attached to a motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has explained the incorporation by reference doctrine as follows:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.... "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted).

It appears Plaintiff may be challenging the authenticity of the document. In his response, Plaintiff opposes the Court sealing reports which ADP requests be sealed. Specifically, Plaintiff states that the report is not the correct one used originally to defame. Doc. 28 at 2. Additionally, in his response, Plaintiff references November 1, 2019, as being the date that the identity of the defamatory party became clear. *Id.* at 10. In its reply, ADP challenges Plaintiff's statement that 2019 was the purported date of discovery because this date contradicts other comments and documents. Such factual disputes cannot be resolved on the instant motions and further illustrate that a statute of limitations bar is not apparent from the face of the Complaint, nor has it

9

been established by undisputed documents at this juncture. Accordingly, a statute of limitations bar is not appropriate based on the current state of the pleadings.[5]

## D.   Preclusion by § 1681h(e) of the FCRA

In its motion to dismiss, Defendant ADP also argues that Plaintiff's negligence and defamation claims are barred because the Fair Credit Reporting Act preempts such state law claims in the absence of malice or willful intent to injure. The Eleventh Circuit has recognized that consumer reporting agencies ("CRA") and companies that furnish information to CRAs are protected from state law claims of defamation and invasion of privacy unless the information provided is false and was given with the malicious or willful intent to injure the consumer. *See Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1001–02 (11th Cir. 2008). This applies to state law claims of negligence as well. *See Genevish v. Wells Fargo Bank*, No. 8:13-cv-402-VMC-AEP, 2013 WL 1296276 (M.D. Fla. Apr. 1, 2013); *Parks v. Experian Credit Bureau*, No. 6:09-cv-1284-PCF-DAB, 2010 WL 5457345, at *3 (M.D. Fla. Feb. 4, 2010) ("The FCRA preempts claims brought by consumers pursuant to state law 'in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information, . . . except as to false information furnished with malice or willful intent to injure such consumer.'") (quoting 15 U.S.C. § 1681h(e)).

---

[5] Defendants are not precluded from raising a statute of limitations defense in the future, and Plaintiff is advised that to the extent his claims rely solely on a 2011 report, such claims may be time-barred.

In relevant part, 15 U.S.C. § 1681h provides that, except in limited circumstances, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). While Plaintiff alleges the information reported was false, review of the Complaint reveals Plaintiff does not allege any malicious conduct or intent to injure by ADP. Rather, in Count I, Plaintiff alleges that if ADP had conducted a "proper investigation" it would have discovered the information was false and that Plaintiff was not the person who committed the crimes reported. Doc. 1-1 ¶¶ 11, 12. Similarly, in the defamation counts, although Plaintiff alleges that ADP made statements recklessly and without regard to their truth or falsity, *id.* ¶ 22, 26, Plaintiff does not allege any facts that ADP acted with malice or an intent to injure. Given the absence of any allegations that the statements were made maliciously or with a willful intent to injure, Plaintiff's state law defamation and negligence claims against ADP would be precluded by § 1681h(e) of the FCRA and further supports dismissal of the claims against ADP.[6] *Lofton-Taylor*, 262 F. App'x at 1002.

---

[6] Corelogic did not raise this argument as a basis for dismissal in its motion. However, it appears that the § 1681h(e) preclusion would similarly apply to the claims asserted against Corelogic, as Plaintiff asserts no factual allegations of malice or a willful intent to injure as it

**E.   Leave to Amend**

"[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Because Plaintiff has not previously amended his complaint, discovery is ongoing, and there is no evidence of dilatory motive or prejudice, the Court will grant Plaintiff leave to amend. Nothing on the record before the Court suggests undue delay, bad faith, or dilatory motive on the part of Plaintiff, nor that Defendants will be unduly prejudiced if the Court allows Plaintiff the opportunity to amend his complaint. Therefore, the Court will allow Plaintiff leave to file an Amended Complaint.

**F.   ADP and ADP Screening**

ADP also urges dismissal is warranted because Plaintiff has named the wrong ADP entity as a Defendant. In moving to dismiss, ADP states that the entity that

---

relates to Corelogic. Since Plaintiff is being afforded the opportunity to amend, any amended pleading should cure these pleading deficiencies as it relates to both Defendants.

issued the background screening report was actually ADP Screening and Selection Services, Inc., not Automatic Data Processing, Inc. Doc. 11 at 1, n.1. While the Court cannot dismiss the Complaint on the basis that documents outside the four corners of the Complaint suggest that Plaintiff may have named the wrong Defendant, because the Court is dismissing the Complaint for other reasons, the Court strongly recommends that Plaintiff—in the event he chooses to file an Amended Complaint— determine the proper entity to be sued.

Accordingly, it is

**ORDERED**:

1.     The unauthorized filings by Plaintiff at Docs. 35, 37, 40, 41, 50, 51, 52, 55, and 58 are **STRICKEN**.

2.     Plaintiff's Complaint (Doc. 1-1) is **DISMISSED without prejudice** as a shotgun pleading.

3.     Plaintiff is granted leave to file an Amended Complaint within twenty-one (21) days, which must correct the deficiencies discussed herein.

4.     Failure to file an amended complaint within the time provided will result in the dismissal of this action without further notice.

5.     Defendant ADP's Motion to Dismiss (Doc. 11) is **DENIED as moot**.

6.     Defendant Corelogic's Motion to Dismiss (Doc. 20) is **DENIED as moot**.

**DONE AND ORDERED** in Tampa, Florida on September 13, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties